UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>NICK THE GREEK SANTA CLARA LLC,<br><br>    Defendant. | Case No.  21-cv-09338-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: ECF 14] |

Before the Court is Defendant Nick The Greek Santa Clara LLC's ("Defendant") Motion to Dismiss Plaintiff Brian Whitaker's Americans with Disability Act ("ADA") and California Unruh Act claims under Federal Rule of Civil Procedure 12(b)(1). Defendant owns a restaurant in Santa Clara, California that Plaintiff allegedly visited in November 2021 to find that the restaurant did not have wheelchair accessible outside dining surfaces. *See* Complaint, ECF 1 ¶¶ 8–14. Plaintiff, a C-4 quadriplegic who uses a wheelchair for mobility, sued Defendant for failure to reasonably accommodate his disability under (1) the ADA, 42 U.S.C. § 12101, *et seq* and (2) California's Unruh Act, Cal. Civ. Code §§ 51–53. *See id.* ¶¶ 1, 22–32. Plaintiff seeks an injunction compelling Defendant to comply with the ADA and Unruh Act; equitable nominal damages under the ADA; statutory damages under the Unruh Act; and attorneys' fees and costs. *See id.* at 7. On March 2, 2022, Defendant moved to dismiss Plaintiff's complaint, arguing that this Court lacks subject matter jurisdiction over Plaintiff's claims due to lack of standing under Rule 12(b)(1).

Based on the below reasoning, the Court DENIES Defendant's Motion.

**I.  BACKGROUND**

Defendant owned the restaurant Nick The Greek located at or about 2000 El Camino Real, Santa Clara, California (the "Restaurant") in November 2021. *See* Complaint, ECF 1 ¶¶ 2–3.

Plaintiff is a California resident. *See id.* ¶ 1.

Plaintiff alleges that he visited the Restaurant in November 2021 with the intention to avail himself of its goods or services. *See id.* ¶ 8. Plaintiff alleges that on the date he visited the Restaurant, Defendant failed to provide wheelchair accessible outside dining surfaces in conformance with the ADA Standards. *See id.* ¶ 10. Plaintiff alleges that he encountered outdoor dining surfaces that did not provide sufficient knee or toe clearance for wheelchair users. *See id.* ¶ 12. Plaintiff further alleges that such barriers are easily removed without much difficulty or expense, and numerous alternative accommodations are available. *See id.* ¶ 19. Plaintiff alleges that he will return to the Restaurant to avail himself of its goods or services once it is represented to him that the Restaurant and its facilities are accessible. *See id.* ¶ 20. Plaintiff brings claims against Defendant for violations of the ADA and California's Unruh Act. *See id.* ¶¶ 22–32.

Defendant moves to dismiss Plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction. *See* Mot., ECF 14-1; Reply, ECF 18. Defendant argues Plaintiff lacks standing to pursue injunctive relief, arguing that evidence from serial litigant Plaintiff's other cases indicates that Plaintiff does not intend to return to the Restaurant. *Id*. Plaintiff opposes, providing a sworn declaration indicating that he intends to return to the Restaurant. *See* Opp., ECF 17.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1): Lack of Subject Matter Jurisdiction

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate—those involving diversity of citizenship or a federal question, or those to which the United States is a party. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject matter jurisdiction."). The Court has a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

Article III standing "is a necessary component of subject matter jurisdiction." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). The Supreme Court has repeatedly stated that the "irreducible constitutional minimum of standing" consists of three elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). These elements are often referred to as injury in fact, causation, and redressability. *See Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020). Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the existence of Article III standing and at the pleading stage "must clearly allege facts demonstrating each element." *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks and citation omitted); *see also Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983) ("The facts to show standing must be clearly apparent on the face of the complaint.").

A jurisdictional challenge may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is factual, as in the present case, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

### III. DISCUSSION

#### A. Request for Judicial Notice

Defendant files a Request for Judicial Notice along with its Reply in support of its motion to dismiss. *See* RJN, ECF 18-2. Although a district court generally may not consider any material

3

1  beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment.  *See Lee v. City of LA.*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).  In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendant requests judicial notice of 14 documents—lists of lawsuits that Plaintiff has filed, along with complaints, orders, and other papers filed by Plaintiff or issued by other courts in Plaintiff's cases.  *See* RJN, ECF 18-2.  Plaintiff does not oppose Defendant's request.

Defendant attaches Exhibits 1 through 8 to the Request for Judicial Notice: (1) lists of cases filed by Plaintiff in this District (Exhibits 1 and 8); (2) Plaintiff's declaration submitted in *Whitaker v. Mademoiselle Colette, Inc.*, No. 5:21-CV-03326 (N.D. Cal.) (Exhibit 2); (3) complaints filed by Plaintiff in other cases in this District and in the Central District of California (Exhibits 3, 5, 6); (4) a court order from a California Superior Court in *Whitaker v. Pachanga Mexican Grill*, No. 20STLC03367 (Exhibit 4); and (5) a record of jurisdictional discovery in *Whitaker v. Peet's Coffee, Inc.*, No. 3:21-cv-097055 (N.D. Cal.) (Exhibit 7).  *See* RJN, ECF 18-2, Exs. 1–8.  The Court may properly take judicial notice of court filings and matters of public record, although specific factual findings and legal conclusions set forth in the records may not bind this Court.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).  Accordingly, the Court GRANTS Defendant's request for judicial notice as to Exhibits 1 to 8.  However, these exhibits will not be noticed "for the truth of the matter asserted therein." *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2015 WL 2125004, at *2 (N.D. Cal. May 6, 2015); *see also In re Bare Escentuals, Inc. Sec. Litig.*, 745 F.Supp.2d 1052, 1067 (N.D. Cal. 2010); *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

Defendant lists the remaining six documents in the request as Exhibits 9 through 14 to the Request for Judicial Notice.  *See* RJN, ECF 18-2.  However, these six documents are not attached

4

1  to the request or the Reply, nor are they referenced therein. The Court finds that it is improper to
2  take judicial notice of these six documents. *See Locke v. Astrue*, No. C08-1608JFHRL,
3  2009 WL 1312872, at *1 (N.D. Cal. May 12, 2009) (declining to take judicial notice of a prior
4  decision of an administrative law judge which is not attached); *NDX Advisors, Inc. v. Advisory Fin.*
5  *Consultants, Inc.*, No. C 11-3234 SBA, 2012 WL 174942, at *3 (N.D. Cal. Jan. 20, 2012) (declining
6  to take judicial notice of an Asset Purchase Agreement or its provisions because it is not attached to
7  the Complaint nor is it referenced therein). Therefore, the Court DENIES Defendant's request for
8  judicial notice as to Exhibits 9 to 14 to the Request for Judicial Notice.

### B. Subject Matter Jurisdiction

Defendant moves to dismiss Plaintiff's claims on the basis that Plaintiff lacks standing to pursue injunctive relief. Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff alleging ADA violations must establish standing to pursue injunctive relief. "Standing for injunctive relief requires a plaintiff to establish a 'real and immediate threat of repeated injury.'" *Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *5 (N.D. Cal. June 1, 2020) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). Ninth Circuit case law establishes that an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

Defendant challenges Plaintiff's standing to assert injunctive relief, specifically challenging the truthfulness of Plaintiff's stated intent to return and deterrence from returning to the Restaurant. *See* Mot., ECF 14-1 at 9–10; Reply, ECF 18 at 2–3. Defendant argues there is evidence that Plaintiff has been indifferent to returning to the businesses he pled and testified he intended to return to in prior cases. Accordingly, Defendant argues that the Court should infer Plaintiff has no intent to return to the Restaurant and thereby lacks standing. *See* Mot., ECF 14-1 at 9–10. As evidence, Defendant points to Plaintiff's testimony in other cases; the quantity of lawsuits that Plaintiff has filed in this district and across California; and complaints, orders, and other papers filed by Plaintiff in other cases or issued by other courts. *See* Mot., ECF 14-1 at 11–17; Reply, ECF 18 at 3–12. For

example, Defendant introduces Plaintiff's deposition testimony in *Whitaker v. The Goltz Corporation*, No. 21–cv–00527–JAM–CKD (E.D. Cal.) admitting he hasn't had a concrete plan to revisit the approximately 2,000 businesses he has sued as of the date of the testimony. *See* Reply, ECF 18 at 8–9 (citing Sahelian Decl., ECF 18-1, Ex. B at 47:18–48:1, 49:5–15, 49:20); *see also* Mot., ECF 14-1 at 11–17. Further, Defendant points to Plaintiff's deposition testimony in other cases about moving to Los Angeles, the Bay Area, and Sacramento, suggesting that Plaintiff misrepresents his intentions as the case demands. *See, e.g.*, Reply, ECF 18 at 3–4 (citing Sahelian Decl., ECF 18-1, Ex. C at 90:6–7; Sahelian Decl., ECF 18-1, Ex. A at 17:7–9, 30:17–31:19, 32:14–18). Additionally, Defendant points to Plaintiff's testimony in prior cases indicating that his primary motivation for visiting the Bay Area is his "advocacy." *See id.* at 5 (citing Sahelian Decl., ECF 18-1, Ex. B at 14:8–12, 15:23–16:3, 24:2–4, 27:18–21). Further, Plaintiff points to orders from other courts finding Plaintiff's intent to return not credible. *See id.* at 11–12; *see also* RJN, ECF 18-2, Ex. 4.

In opposition, Plaintiff submits a sworn declaration. *See* Whitaker Decl., ECF 17-1. In the declaration, Plaintiff indicates that he frequently travels to the Bay Area because he loves the area; that he has visited the Bay Area between seven and fifteen times in the past year; that he has been coming to Northern California approximately once or twice a month for leisure and to look for areas to live; and that he intends to return to eat at the Restaurant once he has been assured that the Restaurant is accessible. *See id.* ¶¶ 2–4. Plaintiff argues this is sufficient to establish an intent to return for purposes of standing. *See* Opp., ECF 17 at 3–7.

The Court agrees with Plaintiff. In response to Defendant's factual jurisdictional challenge, Plaintiff provides a sworn declaration providing evidence for his intent to return to the Restaurant. *See* Whitaker Decl., ECF 17-1 ¶¶ 2–4. Plaintiff's statements, though somewhat broad, are made under penalty of perjury and provide direct evidence of his intent. *St. Clair*, 880 F.2d at 201. Accordingly, the question is whether Defendant provides sufficient evidence to rebut Plaintiff's evidentiary support for his standing to bring an ADA claim.

The Court finds that Defendant fails to rebut Plaintiff's factual support. Defendant argues that Plaintiff's declaration is not sufficiently detailed and attacks the truthfulness and credibility of

1 Plaintiff's intent. *See* Reply, ECF 18 at 2–3; Mot., ECF 14-1 at 11–17. But Defendant's proffered

2 evidence is circumstantial at best and does not overcome Plaintiff's sworn declaration indicating

3 deterrence and an intent to return. Plaintiff's history of filing ADA suits (RJN, ECF 18-2, Exs. 1,

4 8) provides little insight into his intent to return to the Restaurant. The Ninth Circuit has urged "our

5 most careful scrutiny" before relying on past litigation to prevent an ADA plaintiff from pursuing a

6 valid claim in federal court. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir.

7 2008). More specifically, the type of generalized and collective evidence Defendant presents here

8 does not directly bear upon the crux of the standing inquiry presently before the Court—*i.e.*, whether

9 Plaintiff intends to return to the Restaurant at issue in this case. *See Brooke v. Kashl Corp.*, 362 F.

10 Supp. 3d 864, 875–76 (S.D. Cal. 2019) ("Plaintiff's professed intentions to visit the other hotels—

11 sincere or otherwise—are not before this Court. For the purposes of this Rule 12(b)(1) motion, the

12 Court is only concerned whether Plaintiff has adduced enough support for the proposition that she

13 is likely to return to the Radisson."). Rather, Defendant's evidence speaks to Plaintiff's lack of

14 intent to return to other businesses. *See, e.g.*, Reply, ECF 18 at 6–12 (recounting evidence from

15 other cases about Plaintiff's intent to return to businesses he has previously sued). The Court does

16 not consider this evidence to be sufficient to rebut Plaintiff's sworn declaration, which provides

17 direct evidence of Plaintiff's intent to return to the Restaurant. *See* Whitaker Decl., ECF 17-1.

18 This is not to say that Plaintiff's past litigation conduct is wholly irrelevant or unimportant

19 to the inquiry of whether Plaintiff in fact intended to return to the Restaurant. However, because

20 Plaintiff has presented direct and sworn testimony of his intent to return to the Restaurant and

21 Defendant has only been able to proffer circumstantial evidence regarding Plaintiff's habits more

22 generally, the Court finds that the Plaintiff has presented enough evidence to survive Defendant's

23 factual challenge to jurisdiction at this stage in the proceedings. *See Whitaker v. Peet's Coffee, Inc.*,

24 No. 21-CV-05163-BLF, 2022 WL 1189888, at *4 (N.D. Cal. Apr. 21, 2022); *see also D'Lil*, 538

25 F.3d at 1039–40.

26 Defendant urges the Court to require Plaintiff to plead additional elements to establish

27 injunctive relief standing, as some other district courts in the Ninth Circuit have in ADA cases. *See*

28 Mot., ECF 14-1 at 10. Defendant argues that Plaintiff must plead (1) the proximity of the place of

public accommodation to Plaintiff's residence; (2) Plaintiff's past patronage of the place of public accommodation; (3) the definitiveness of Plaintiff's plans to return; and (4) the frequency of travel near the place of public accommodation. *See id.* The Court declines to require these additional elements on top of the allegations the Ninth Circuit has already found sufficient to confer injunctive relief standing. *See Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1343 (E.D. Cal. 2020) (noting that the Ninth Circuit "has not adopted" these factors "despite having confronted the same or similar issue repeatedly"). Plaintiff thus has alleged sufficient facts to support standing to seek injunctive relief.

### C. Unruh Act Claim

Defendant does not specifically address Plaintiff's Unruh Act claim. A violation of the ADA constitutes a per se violation of the Unruh Act. *See Johnson v. Rando*, No. 21-cv-673-BLF, 2021 WL 2986965, at *6 (N.D. Cal. July 15, 2021). Because the Court has determined that Plaintiff's ADA claim may proceed, the Court declines to dismiss Plaintiff's Unruh Act claim.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED.

Dated: June 29, 2022

_____
BETH LABSON FREEMAN
United States District Judge

8